UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:19-CR-65-REW-HAI |
| v. | ) ) | |
| PHILLIP O'HARA | ) ) | ORDER |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 265 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Philip O'Hara's guilty plea and adjudge him guilty of the offenses charged in Counts One and Three of the Second Superseding Indictment (DE 266, referencing DE 72); *see also* DE 267 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 266 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 266, **ACCEPTS** O'Hara's guilty plea, and **ADJUDGES** him guilty of Counts One and Three of the Second Superseding Indictment (DE 72);

2. Further, per Judge Ingram's recommendation (DE 266 ¶4) and Defendant's agreement (DE 267 ¶ 9), the Court provisionally FINDS that O'Hara has an interest in the property identified in the operative indictment (DE 72 at 5 (the forfeiture enumeration)) and preliminarily ADJUDGES Defendant's interest in such property FORFEITED. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time, *see id.* at (b)(4)(B), and the United States should address at sentencing the effect of administrative forfeiture on the scope of final relief; and

3. The Court will issue a separate sentencing order.[1]

This the 18th day of September, 2020.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

[1] At the hearing, Judge Ingram remanded O'Hara to custody. *See* DE 265. The Court, thus, sees no need to further address detention at this time.